FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 26  AM 10: 53

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL A. DORSEY | CIVIL ACTION |
| VERSUS | NO. 05-3657 |
| RONNIE SEAL ET AL. | SECTION "F" (2) |

### FINDINGS AND RECOMMENDATION

Plaintiff, Michael A. Dorsey, is a prisoner who, at the time of filing this complaint, was incarcerated in the Dixon Correctional Institute in Jackson, Louisiana. Plaintiff instituted the captioned suit pursuant to 42 U.S.C. § 1983, but failed to provide the court with the basis of his claims.

Because plaintiff had previously stated in a letter to the Clerk dated July 11, 2005, that his complaint in this case was incomplete (Record Doc. No. 1, Letter attached to Complaint at pp. 4 and 5), plaintiff was ordered on September 28, 2005, to file the remainder of his complaint fully setting forth all claims he asserts in this matter no later than October 26, 2005. Record Doc. No. 4. In this order, plaintiff was specifically advised that his "papers submitted thus far do not state a claim upon which relief may be

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

granted and that failure to comply with this order may result in a recommendation that this case be dismissed for that reason, among others." This order was returned to the court and no response from plaintiff to the court's order has been received.

Because mail sent to plaintiff by the court had been returned, staff of the undersigned magistrate judge inquired of the prison where plaintiff was incarcerated and were advised that plaintiff had been transferred to the Allen Correctional Center in Kinder, Louisiana. Accordingly, by order entered November 18, 2005, the Clerk was directed to remail a copy of the court's previous order dated September 28, 2005, requiring plaintiff to file the remainder of his complaint, to plaintiff at his new address at the Allen Correctional Center. Plaintiff was advised that he was granted an extension of time until December 8, 2005 to respond to the court's order. Plaintiff was further advised that failure to comply with this order might result in issuance of a report and recommendation that his case be dismissed for failure to prosecute and that it is his responsibility to keep the court advised of any address change. Record Doc. No. 7. This order has <u>not</u> been returned to the court, and no response from plaintiff has been received.

Thereafter, by order dated December 13, 2005, Record Doc. No. 8, plaintiff was ordered to show cause why his suit should not be dismissed for failure to prosecute based

on his failure to comply with the court's previous orders dated September 28 and November 18, 2005. Alternatively, plaintiff was again ordered to file his statement providing the requested information no later than January 6, 2006. Plaintiff was advised that this would be his final notice of the court's requirement and that failure to comply with this order would result in a recommendation that his case be dismissed for failure to prosecute. This order also has <u>not</u> been returned to the court, but still no response from plaintiff has been received.

Some – though by no means all – mail addressed to plaintiff from this court has been returned to the Clerk's Office. However, all litigants are obligated to keep the court advised of any address change, Local Rules 11.1E and 41.3.1E, and plaintiff has failed to do so.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the

court's order. <u>Markwell v. County of Bexar</u>, 878 F.2d 899, 902 (5th Cir. 1989); <u>Price v. McGlathery</u>, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. <u>Birl v. Estelle</u>, 660 F.2d 592, 593 (5th Cir. 1981); <u>Edwards v. Harris County Sheriff's Office</u>, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. <u>Kersh v. Derozier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988); <u>Birl</u>, 660 F.2d at 593.

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with the court's September 28, November 18 and December 13, 2005 orders, together with his failure to keep the court notified as to his whereabouts, clearly reflects a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and

Recommendation within ten (10) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. In addition, plaintiff must provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

## RECOMMENDATION

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Michael A. Dorsey be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ___25th___ day of January, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE